**KERCHER, Plaintiff-Appellant, v BROWN, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1866.   Decided April 12th, 1947.

Victor Jacobs, Dayton, for plaintiff-appellant.
Matthews & Altick, Dayton, for defendant-appellee.

## OPINION

By THE COURT

This is an appeal on questions of law from the Court of Common Pleas of Montgomery County, Ohio. The petition is based upon two causes of action, but since the appeal is directed only to the first cause we shall confine our attention only to it. In it the plaintiff is seeking the rescission of a release which he had executed and delivered to the defendant wherein he had fully released the defendant from all claims for damages arising out of an automobile accident, and alleges fraud in the inducement. The Court in its decree found against the plaintiff and in favor of the defendant. It found that there was fraud in the inducement of plaintiff in signing the release, but that the plaintiff had made no tender of the moneys received of the defendant, except one check for $295.27, (out of a total payment of $750.52) and that therefore as a matter of law the appellant was not entitled to have the release set aside.

The errors assigned are:

(1) The trial court erred in dismissing plaintiff's amended petition because no sufficient tender by plaintiff was made to defendant prior to the bringing of this action and in proceeding to final judgment against plaintiff, dismissing plaintiff's amended cause of action at plaintiff's costs.

(2) The trial court erred in other respects apparent on the face of the record.

The record before this Court consists solely of the transcript of docket and journal entries and the original papers. No bill of exceptions has been filed. This Court must rely

entirely upon the record as presented in this case and cannot consider alleged facts contained in the plaintiff's brief and which are not contained in the record. The record, we find, discloses the following facts:

The plaintiff executed and delivered to the defendant a release in writing dated December 20, 1941, which is plead verbatim in the answer filed by the defendant. This release is a full and complete release to the defendant from all claims resulting from an automobile accident on November 14, 1940. The defendant as consideration for said release paid to the plaintiff the sum of $750.52 by means of sundry drafts in different amounts. These drafts were received and negotiated by the plaintiff with the exception of one for $295.27 which plaintiff tendered into court when he filed this action for rescission of the release. The only other facts found in the record are found in the decree which states that there was fraud in the inducement of plaintiff in signing the purported release; that plaintiff made no tender of the moneys received from defendant; and that because no tender of the remaining moneys received by plaintiff from the defendant was made, as a matter of law plaintiff is not entitled to have said release set aside, and plaintiff's amended petition should be dismissed.

Now, did the trial court err in its conclusions of law? The general rule in Ohio and elsewhere with reference to the necessity of tendering back moneys received in a settlement before being entitled to a rescission of the settlement is well stated in **Manhattan Life Ins. Co. v Burke, 69 Oh St 294** at **pages 302 and 303:**

"No dispute exists between counsel and we presume no doubt exists of the soundness of the general proposition that where a party to a compromise desires to set aside or avoid the same and be remitted to his original rights, he must place the other party in status quo by returning or tendering the return of whatever has been received by him under such compromise, if of any value, and so far as possible any right lost by the other party in consequence thereof. In an action to rescind, the petition should allege the fact of such return or tender, prior to, or at least contemporaneous with, the commencement of the suit. Further as a general proposition, the rule applies even though the contract was induced by the fraud or false representations of the other party; the ground being that by electing to retain the property, the party must be conclusively held to be bound by the settlement. 8 Cyc. of

Law & Pro. 531. No further authorities seem necessary in support of these propositions."

The same principle of law is announced in Conrad v The Keller Brick Company, 12 C. C. (N. S.) 127, as follows:

"Where, however, as in this case, the contract of release is not void, but merely voidable for fraud, it is incumbent upon the plaintiff, before asserting his cause of action, to which the contract of release so long as it remains in force is a bar, to rid himself of that obstacle by appropriate measures for its avoidance. Tender back of the consideration received is in this case a prerequisite to such avoidance. Until such tender is made, the contract of settlement, being voidable merely, cannot be treated as a nullity, nor can its terms be contradicted by parol."

The plaintiff concedes in its brief that the general principle of law requiring a tender in a case of rescission is correct, but is contending that there are exceptions to the general rule as stated in Manhattan Life v Burke, supra. The plaintiff first claims under an alleged exception "that when the inability of the plaintiff to tender is due to the conduct of the defendant, then the plaintiff need not make a tender."

Assuming only for the purpose of argument that such an exception exists and would apply in Ohio, the record fails to show the necessary facts to bring the plaintiff's case within the exception. The record discloses nowhere that the plaintiff was unable to make a tender of the moneys received from the defendant. It does not show that the inability of the plaintiff to tender was due to any conduct of the defendant. It does show that the plaintiff received the drafts and negotiated them and has not tendered back the proceeds. The decree of the Court is to the same effect. There is no showing in the record of what the plaintiff did with the money. We find no facts to support the alleged exception to the general rule, and upon the legality of which we express no opinion.

The plaintiff next claims the benefit of another alleged exception in the following terms: "that when there are equitable considerations involved the courts will not permit themselves to be blinded by the technical requirement of tender." The requirement of a tender before rescission "is not a technical requirement," but is an equitable one. He who seeks equity must first do equity. The defendant has the same right to invoke equitable principles as the plaintiff has. The general

rule requiring tender before claiming rescission is the rule of equity universally recognized as such. We find no facts in this record to support this alleged exception to the general rule and upon which we need not express our opinion.

The third and last exception to the general rule claimed by the plaintiff to be applicable is as follows: "this exception is that if the plaintiff did not get the money he need not return what he did not get." There are no facts in the record to support this exception. The Court found that the appellant did get the money. The reason given for deciding this case against the plaintiff is stated in the decree, "and because no tender of the remaining moneys received by plaintiff from defendant was made as a matter of law plaintiff is not entitled to have said release set aside * * * ." The appellant points out no errors as being apparent on the face of the record under the second assignment of error, and we find none.

For the foregoing reasons the judgment of the trial court is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.